RECEIPT # 64594
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. [signature]
DATE 5-31-05

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEBORAH M. LUMBARD, )
)
Plaintiff, )
)
v. ) C.A. NO.
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA and )
STATE STREET BANK AND TRUST )
COMPANY, )
) 05 CV 11124 MEL
Defendants. )

## COMPLAINT

MAGISTRATE JUDGE [signature]

This is an action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 *et seq.*, for recovery and reinstatement of long-term disability benefits and other appropriate relief.

### PARTIES

1. Plaintiff Deborah M. Lumbard resides at 12 Virginia Lane, Cohasset, Massachusetts.

2. The Prudential Insurance Company of America ("Prudential") has offices at 800 Boylston Street, Boston, Massachusetts and 290 West Mount Pleasant Street, Livingston, New Jersey.

3. State Street Bank and Trust Company ("State Street") has offices at 225 Franklin Street, Boston, Massachusetts.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal law, namely, 29 U.S.C.§ 1132(a)(1)(B), which allows a

participant in an employee benefit plan to seek recovery of benefits that have been wrongfully denied or terminated.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts and/or under § 1391(c) because State Street and Prudential are subject to this Court's personal jurisdiction.

## FACTS

6. State Street is the sponsor and plan administrator of an employee benefit plan known as the State Street Bank and Trust Company Weekly Disability Coverage and Long Term Disability Coverage for All Employees ("Plan"). Prudential underwrites the Plan pursuant to Group Policy No. GW-23403 and is the claim administrator for the Plan.

7. From June 1995 to April 2000, Ms. Lumbard was employed by the State Street. In April 2000, Ms. Lumbard was forced to stop working due to a serious medical condition relating to her knees. Ms. Lumbard received long term disability ("LTD") benefits under the Plan and/or Group Policy beginning on October 3, 2000.

8. By letter dated August 28, 2002, Prudential informed Ms. Lumbard that her LTD benefits would terminate as of October 3, 2002.

9. Ms. Lumbard appealed Prudential's decision in a letter from her attorney to Prudential dated January 10, 2003.

10. By letter dated February 14, 2003, Prudential denied Ms. Lumbard's first appeal.

11. Ms. Lumbard appealed Prudential's decision in a letter from her attorney to Prudential dated July 31, 2003.

12. By letter dated October 2, 2003, Prudential denied Ms. Lumbard's second appeal.

13. In a Decision dated September 24, 2004, an Administrative Law Judge in the Social Security Administration found that Ms. Lumbard suffered from misalignment of the knees which caused her chronic pain and that constituted a severe impairment. Consequently, the ALJ found that Ms. Lumbard was completely disabled and awarded Ms. Lumbard Social Security disability benefits retroactive to October 3, 2000.

14. Ms. Lumbard appealed Prudential's denial of her second appeal in a letter from her attorney to Prudential dated December 23, 2004.

15. In a letter to Ms. Lumbard's attorney dated March 24, 2005, Prudential stated that it was unable to make a determination on Ms. Lumbard's claim at that time and that it "require[d] an extension of time to complete [its] review of her claim." The letter requested that Ms. Lumbard agree to provide Prudential with an additional 45 days to complete that review. Mrs. Lumbard agreed to Prudential's request for such additional time.

16. In a letter to Ms. Lumbard's attorney dated May 18, 2005, Prudential again stated that it was still unable to make a determination on Ms. Lumbard's claim and that it "will require an extension of time to complete [its] review of her claim." The letter requested that Ms. Lumbard agree to provide Prudential with an additional 30 days to complete that review.

17. In a letter to Prudential dated May 31, 2005, Ms. Lumbard's attorney stated that Ms. Lumbard would not agree to Prudential's request. The letter further stated that since Prudential had failed to issue a decision within the time prescribed by the regulations promulgated under ERISA, Prudential was deemed to have denied Ms. Lumbard's final

appeal and she would file lawsuit to recover her LTD benefits.

## CLAIM FOR RELIEF

### Violation of ERISA, 29 U.S.C. § 1132(a)(1)(B)

18. Ms. Lumbard incorporates the foregoing paragraphs as if fully set forth herein.

19. Prudential's termination of Ms. Lumbard's LTD benefits was wrongful because Ms. Lumbard was and continues to be totally disabled as that term is defined in the Group Policy.

20. Ms. Lumbard has exhausted her administrative appeals under the Group Policy because Prudential has twice expressly denied her appeals to restore her LTD benefits and Prudential's failure to issue a decision with respect to Ms. Lumbard's third appeal within the time prescribed by is deemed a denial of her final appeal.

21. As a result of Prudential's wrongful conduct, Ms. Lumbard's LTD benefits were terminated and she has been harmed.

WHEREFORE, Ms. Lumbard requests the following relief:

1. that her LTD benefits be reinstated and she be awarded the amount of the LTD benefits owed since October 3, 2002 with interest;

2. that she be awarded her attorney's fees, costs and expenses; and

3. that the Court award such other relief as is necessary or appropriate.

DEBORAH M. LUMBARD

By her attorneys,

*[signature]*
James T. Finnigan (BBO # 549620)
Rich May, a Professional Corporation
176 Federal Street
Boston, MA 02110
(617) 556-3872

Dated: May 31, 2005