THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH M. LUMBARD,<br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA and STATE<br>STREET BANK AND TRUST<br>COMPANY,<br>    Defendants | C.A. NO. 05-CV-11124MEL |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1. The Defendants are without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

### FACTS

6. The Defendants admit the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendants admit that Ms. Lumbard began working for State Street in June of 1995 and stopped working for State Street in April of 2000. Defendants admit that Plaintiffs received LTD benefits beginning on October 3, 2000 and deny the remainder of the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

39831.1

8. The Defendants answer that the letter referred to in Paragraph 8 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

9. The Defendants answer that the letter referred to in Paragraph 9 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

10. The Defendants answer that the letter referred to in Paragraph 10 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

11. The Defendants answer that the letter referred to in Paragraph 11 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

12. The Defendants answer that the letter referred to in Paragraph 12 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

13. The Defendants answer that the letter referred to in Paragraph 13 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

14. The Defendants answer that the letter referred to in Paragraph 14 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

15. The Defendants answer that the letter referred to in Paragraph 15 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

16. The Defendants answer that the letter referred to in Paragraph 16 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

17. The Defendants answer that the letter referred to in Paragraph 17 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

## CLAIM FOR RELIEF

### Violation of ERISA, 29 U.S.C.§ 1132(a)(1)(B)

18. The Defendants repeat and reassert each of its responses to the allegations contained in Paragraphs 1 through 17 of the Plaintiffs' Complaint as if fully set forth herein.

39831.1

19. The Defendants deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Defendants.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the LTD Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the Defendants have complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the Long Term Disability Plan because she is not "totally disabled" as that phrase is defined in the Plan.

### SIXTH AFFIRMATIVE DEFENSE

39831.1

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendants are entitled to an award of its reasonable attorney fees incurred in defense of this matter.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendants are not liable to Plaintiff for long term disability benefits.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants reserve its right to assert additional defenses up to time of trial.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff has failed to exhaust administrative remedies pursuant to 29 CFR 2560.503-1.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and STATE STREET BANK AND TRUST COMPANY,

By Their Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496

39831.1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 30th day of June 2005 to:

James T. Finnegan, Esq.
Rich May, a Professional Corporation
176 Federal Street
Boston, MA 02110

/s/ Carey L. Bertrand
Carey L. Bertrand

39831.1