THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH M. LUMBARD,<br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and STATE STREET BANK AND TRUST COMPANY,<br>    Defendants | C.A. NO. 05-CV-11124MEL |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

1. The Defendants are without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## FACTS

6. The Defendants state that State Street Corporation is the plan sponsor and that the Benefit Plans Committee of State Street Corporation is the Plan Administrator. Defendants further state that the long term disability coverage is provided under a Plan which named, the State Street Employee Benefit Plan. The Defendants admit the remainder of allegations contained in Paragraph 6 of the Plaintiff's Complaint.

40375.2

7. Defendants admit that Ms. Lumbard began working for State Street in June of 1995 and stopped working for State Street in April of 2000. Defendants admit that Plaintiffs received LTD benefits beginning on October 3, 2000 and deny the remainder of the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendants answer that the letter referred to in Paragraph 8 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

9. The Defendants answer that the letter referred to in Paragraph 9 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

10. The Defendants answer that the letter referred to in Paragraph 10 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

11. The Defendants answer that the letter referred to in Paragraph 11 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

12. The Defendants answer that the letter referred to in Paragraph 12 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

13. The Defendants answer that the letter referred to in Paragraph 13 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

14. The Defendants answer that the letter referred to in Paragraph 14 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

15. The Defendants answer that the letter referred to in Paragraph 15 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

16. The Defendants answer that the letter referred to in Paragraph 16 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

17. The Defendants answer that the letter referred to in Paragraph 17 of the Plaintiff's Complaint is a written document, thus it speaks for itself and no response is required.

**CLAIM FOR RELIEF**

40375.2

**Violation of ERISA, 29 U.S.C.§ 1132(a)(1)(B)**

18. The Defendants repeat and reassert each of its responses to the allegations contained in Paragraphs 1 through 17 of the Plaintiffs' Complaint as if fully set forth herein.

19. The Defendants deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the long term disability coverage provided under the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the Defendants have complied with and performed all of its promises, obligations and duties to Plaintiff under the long term disability coverage provided under the Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

40375.2

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the long term disability coverage provided under the Plan. because she is not "totally disabled" as that phrase is defined in the Plan.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendants are entitled to an award of its reasonable attorney fees incurred in defense of this matter.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendants are not liable to Plaintiff for long term disability benefits.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants reserve its right to assert additional defenses up to time of trial.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff has failed to exhaust administrative remedies pursuant to 29 CFR 2560.503-1.

### TWELVTH AFFIRMATIVE DEFENSE

By way of affirmative defense, State Street Bank and Trust Company is not a proper party to this action.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and STATE STREET BANK AND TRUST COMPANY,

By Their Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 30th day of June 2005 to:

James T. Finnegan, Esq.
Rich May, a Professional Corporation
176 Federal Street
Boston, MA 02110

/s/ Carey L. Bertrand
Carey L. Bertrand

40375.2

From:      James T. Finnigan
Sent:      Thursday, June 30, 2005 11:51
To:        Bertrand, Carey
CC:
BCC:
Subject:   RE: Lumbard Answer

> Carey:

> You have my consent.

> Jim

James T. Finnigan

Rich May, a Professional Corporation

176 Federal Street

Boston, MA  02110-2223

T - (617) 556-3872

F - (617) 556-3891

email: jfinnigan@richmaylaw.com

website: www.richmaylaw.com

This e-mail message and any attachment are confidential and may be privileged.  If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an e-mail to postmaster@richmaylaw.com -- and destroy all copies of this message and any attachments.  Thank you.

-----Original Message-----
**From:** Bertrand, Carey [mailto:BertrandC@WEMED.com]
**Sent:** Thursday, June 30, 2005 11:42 AM
**To:** James T. Finnigan
**Subject:** Lumbard Answer


Hi James,
I am writing to request your consent to allow me to amend the answer which I just filed pursuant to Rule 15(a).  State Street Corporation is the Plan Sponsor not State St. Bank and Trust and the

40355.1

Administrator is a Benefits Committee, not State St.  Essentially, I just need to amend the Answer to #6.  If you are not willing to consent to this amendment, let me know and I will file a motion for leave.  Thanks.

-Carey

Carey Bertrand
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal St.
Boston, MA 02110
(617)422-5300
(617)423-6917

"EMF <WEMED.com>" made the following annotations.
------------------------------------------------------------------------------
WEMED LLP - CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP (WEMED), please see our website at www.wemed.com or refer to any WEMED office. Thank you.


================================================================
===============

40355.1