THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEBORAH M. LUMBARD,    )
           )
  Plaintiff,     )
           )
  v.       )  C.A. No. 05-CV-11124-PBS
           )
THE PRUDENTIAL INSURANCE  )
COMPANY OF AMERICA and   )
STATE STREET BANK AND TRUST )
COMPANY,      )
           )
  Defendants.    )

**PLAINTIFF'S RESPONSES TO DEFENDANTS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, plaintiff Deborah M. Lumbard responds to defendants' statement of undisputed material facts as follows.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. The Plan states that State Street Bank and Trust Company is the Plan Administrator.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.  (See. Ex. 42).

28. Denied that Prudential's determination was based on a vocational analysis. (See Ex. 45).

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted to the extent that Prudential's letter stated that it was performing a thorough evaluation of Mrs. Lumbard's claim, but denied that Prudential performed such an evaluation. (See Ex. 60).

37. Admitted.

38. Admitted only to the extent that Prudential's letter states that its determination was based on that information. (See Ex. 62).

39. Admitted.

40. Admitted.

41. Admitted only to the extent that Prudential's letter states that its determination was based on information about Mrs. Lumbard's job provided by her employer. (See Ex. 62).

42. Admitted only to the extent that the letter states that prudential considered such descriptions. (See Ex. 62).

43. Admitted only to the extent that Prudential's letter states that was what Prudential concluded. (See Ex. 62).

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted only to the extent that the TSA stated that such occupations were believed to be appropriate. (See Ex. 69).

51. Admitted only to the extent that the TSA stated that such positions were believed to be

appropriate. (See Ex. 69).

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted

56. Denied that Prudential addressed the issues raised by Mrs. Lumbard's appeal.

57. Admitted only to the extent that Prudential's letter states that Ms. Vercillo's report was considered by Prudential.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Denied that Dr. Abraham was retained as part of Prudential's final review because Prudential's final decision is deemed to have been issued as of May 8, 2005.

69. Admitted.

70. Admitted.

71. Admitted.

4

72. Admitted.

73. Denied that Prudential's June 8, 2005 letter represents Prudential's final decision.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted only to the extent that Prudential's letter states that was what Dr. Abraham found. (See Ex. 91).

78. Admitted only to the extent that Prudential's letter states that such information was contained in Ms. Vercillo's report. (See Ex. 91).

79. Admitted only to the extent that Prudential's letter states that such information was contained in Ms. Vercillo's report. (See Ex. 91).

80. Admitted only to the extent that Prudential's letter states that is what Prudential determined. (See Ex. 91).

81. Admitted.

WHEREFORE, the undisputed material facts show that the defendants' motion for summary judgment should be denied and Mrs. Lumbard's motion for summary judgment should be granted.

DEBORAH M. LUMBARD

By her attorneys,

/s/ James T. Finnigan
James T. Finnigan (BBO # 549620)
Rich May, a Professional Corporation
176 Federal Street
Boston, MA 02110
(617) 556-3872

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for the other parties by first class mail on November 18, 2005

/s/ James T. Finnigan
James T. Finnigan